R. L. McFerrin *v.* Jno. Woods, *et al.*, Executors, etc.

1. Usury. *How recovered. What bill must state. Pleading and Practice.* Where usury is sought to be recovered, the bill must state such facts as will show the amounts borrowed, the amount of usury in each transaction, and when paid, so that the rights of the party become tangible for the action of the Court.

2. Same. *Same. Partner cannot sue. When.* Neither before nor after the dissolution of a firm can one member sue for and recover usury individually, when the money was borrowed by the firm.

---

FROM CANNON.

---

Appeal from the Chancery Court. S. M. Fite, presiding, by interchange.

R. L. McFerrin v. John Woods, et al., Executors, etc.

R. CANTRELL for McFerrin.

BURTON & BARTON for Woods, et al.

FREEMAN, J., delivered the opinion of the Court.

This bill was filed for two purposes; first, to recover a large amount of usury alleged to have been paid D. M. Jarrett in his lifetime, and when this amount is ascertained, have the same credited on four notes alleged to be held by the executors against complainants, given in the lifetime of their testator, and also a decree over for surplus due after discharging of the notes.

Secondly, to have a credit of $500 allowed on said notes, as money paid on them, for which a receipt was given but not credited. It is proper to say, that the bill is, to say the least of it, so defective in its allegations, that if demurred to, it could not have been sustained as to the alleged usury. It fails entirely to specify, with any distinctness, the facts on which the relief is prayed, so as to give the defendants the means of denying the facts, or to give the amount of usury claimed to have been taken in the transactions alleged to have been running through a period of upwards of twenty years, only charging that money had been borrowed, and notes renewed, at from ten to eleven per cent., on what amounts is not alleged. Such a bill should, in all cases, charge the amount borrowed, or as near as it may be approximated, the amount of usury in each transaction, and

when paid, so that, on denial of the facts by defendant, the allegations of the bill may be proven, and when proven, will serve as the basis of a decree, at any rate, so far as they may be proven. Such, certainly, should be the rule in all cases where the party paying the usury is the complainant, and who has all the means of knowing the facts. In cases of parties representing him, or a judgment creditor, where discovery of the amount of usury is sought, the rule may well be relaxed, but there can be no reason for any relaxation of the rule in a case like this, where the party paying is the complainant, especially against the estate of a deceased man, who cannot answer for himself.

This bill alleges that the executors held four notes on complainant, one of $530, which, however, turns out to be for $516—claims a credit on this note of about $60—one for $350, or perhaps $400, on complainant alone; one for $85, and one for about $464, which, however, turns out to be for $442. This last note is charged to be the balance of a continuous series of usurious transactions, running through a period of twenty years or more. No usury is charged as to the other three notes. The bill then gives, in general terms, the statement that the complainant commenced borrowing money from said Jarrett over twenty years before, at a rate of discount, is the language, from ten to eleven per cent., and gave a note at the commencement of the transaction, and would sometimes pay a portion, and before it was paid up would bor-

row again, and add the several sums together, and make a new note for the whole amount, and says, he continued to deal in money in this way until a few years before the death of Jarrett, and said note is the balance due on said usurious transaction.    As to these alleged transactions, specifically, there can be no recovery, for several reasons.

In the first place, if the facts were proven in the precise terms alleged, they would not furnish an intelligent basis on which an account could be made out, showing how much usury had been paid, for no one can tell, from the facts as alleged, how much was paid at any time, nor how much money was originally borrowed, nor how much additional had been loaned in the interim between the first borrowing and the giving of this last note.    This would furnish an insuperable objection, on the plain principle, that a party asking relief of a Court, must, when the facts he alleges are denied, make out his case by a reasonable preponderance of proof, and in so definite a form as that his right shall be rendered tangible for the action of the Court.

In the next place, the proof could not do more, on sound principle, than prove the case as alleged, and as we have said, if all alleged was proven on this question, it would not make out a case for the intelligent action of a Court.

Lastly, the proof on this question is no more definite than the allegations, when closely scrutinized, and we may add, has many circumstances of grave

suspicion that weaken its form, running through it. We, therefore, think it clear the Chancellor properly based no decree on this part of the case. The Chancellor, however, based his decree in favor of complainant on the charge in the bill, and proof introduced to sustain it, of a supposed admission of Jarrett in 1867, a short time before his death, of having received $2,100 of usury from complainant.

This charge in the bill is as follows: "Your orator will state, that said Jarrett, a few months before death, expressed a wish that said usury should be settled with your orator, and admitted that he had collected over $2,100 of usury from your orator, and that he wished your orator to have the same back, which he believes would have been settled without a suit, but he died before the same was adjusted." On this question, if any such statement was made, as to which we doubt whether any was made, in which there was such an acknowledgement of a debt as would revive it against the bar of the Statute, it is clear that all such conversations evidently had reference to the dealings of Jarrett with the firm B. L. & A. S. McFerrin, and as such, would be only due the firm. As a matter of course, neither before nor after the dissolution could one member individually sue for and recover such money. It would have to be sued for and recovered in the name of the firm, both members being alive. Admitting, for the argument, that an admission that a party had received usury to a certain amount, or about that sum, which he was willing to

settle, would revive the liability · so as to avoid the
Statute of Limitations, yet, as we have said, we
think it satisfactorily shown, that all such statements
as are attempted to be proven, refer alone to the
dealings of the parties for the period as charged in the
bill, that is, for upwards of twenty years, commencing
in perhaps 1838, and are referable to the partnership
transactions, or at any rate include them certainly; and
they make up the largest portion of whatever usury
was taken, and it being impossible to separate, by
the allegations, or from the proof, the one from the
other, the complainant fails to make out a case for
individual recovery.    In fact, the allegations of the
bill clearly point to the fact, that said usury thus
charged to have been admitted, was in connection with
the transaction of the twenty years · before referred to
in the bill, for, after stating these . transactions, and
how they were conducted by renewals and payments,
until the $442 note alone remained as the balance, he
says that Jarrett, just before his death, expressed a
wish that said usury should be settled, and admitted
the sum to be over $2,100, evidently referring to the
same period and transaction before specified in the bill.
Without deciding. the question argued, as to whether
the promise alleged would be sufficient to take the
case out of the Statute of Limitations, under our de-
cisions, as being the acknowledgement of an existing
debt, in such terms, and under such circumstances as
to authorize an inference that he was willing to pay
it, or to imply a promise to pay, (1 Sneed, 468–9, 470,)

we hold, the admission is charged, and is proven, as far as it is proven, with reference to partnership transactions, and that no admission or acknowledgment is shown as to an individual claim of complainant, on which a decree can be based. It is proper to say, that the proof shows clearly that the firm of B. L. & A. S. McFerrin did, during the twenty years, have money dealings to a considerable amount, and that no doubt a considerable amount of usury had been paid by them, but how much, except by this admission, is not shown. It likewise shows, very satisfactorily, that B. L. McFerrin, the complainant, certainly, as an individual, did not have transactions with Jarrett, out of which this sum of usury could possibly have arisen, at the rate of ten or eleven per cent., at which rate money is charged to have been borrowed by him. As to the $500 claimed to have been paid, and sought to be charged on the notes mentioned in the bill, the proof utterly fails to show the complainant entitled to it, but, on the contrary, that it went in settlement of other debts, and he has had, no doubt, the benefit of it already.

It is proper to say, that while, in strict law, if the complainant had proven his case to our satisfaction, he would be entitled to relief, yet his case, as shown in the record, impresses us with the idea of an effort to meet his honest liabilities to the estate of Jarrett, by a most unfounded claim on his part, and that against the estate of a party from whom he had received many favors, and which he would have

been ashamed to have made had he been living. There is much in the proof, and surroundings of the whole case, to make a Court feel that there is, to say the least of it, no merit in the claim, and even to incline any Court to feel that it deserves no more favorable consideration than strict law shall demand.

The result is, the decree of the Chancellor is reversed. A decree will be entered here in accordance with this opinion, complainant paying the costs of this and the Court below.